IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 19, 2022

## STATE OF TENNESSEE v. RAYMOND PAUL LANKEY

**Appeal from the Circuit Court for Blount County**
**No. C-27008 & C-27360      David R. Duggan, Judge**

_____

### No. E2021-01161-CCA-R3-CD
_____

The Defendant, Raymond Paul Lankey, appeals the trial court's order imposing confinement after finding that the Defendant violated his probation. The Defendant's probation began in December 2019, when he pleaded guilty to aggravated assault in exchange for an effective three-year sentence, with two years, eleven months and eight days to be served on supervised probation. In July 2021, a probation violation warrant was issued, the Defendant's second, alleging multiple violations. After a hearing, the trial court revoked the Defendant's probation, ordering him to serve the remainder of his sentence in confinement. On appeal, the Defendant asserts that the trial court abused its discretion when it revoked his probation and when it ordered him to confinement. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Raymond Mack Garner, District Public Defender (at hearing), Maryville, Tennessee; Joseph Liddell Kirk (on appeal), Madisonville, Tennessee, for the appellant, Raymond Paul Lankey.

Herbert H. Slatery III, Attorney General and Reporter; Hannah-Catherine Lackey, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Tracy T. Jenkins, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

In December of 2019, the Defendant pleaded guilty to aggravated assault. The trial court entered the sentence agreed to by the parties: three years, with two years, eleven

months and eight days to be served on supervised probation. In May of 2020, the Defendant was arrested for property theft, and, later in 2020, his drug screen was positive for methamphetamine and amphetamine. Subsequently, the Defendant pleaded guilty to theft of property, and the trial court sentenced him to two years of probation with six months to serve in confinement.

Following his release and after returning to supervised probation, the Defendant failed to report to his probation officer, resulting in his arrest in December of 2020. Thereafter, the trial court ordered him to serve seventy-seven days of his initial sentence for aggravated assault, however, the trial court credited him with time served and allowed the Defendant to return to supervised probation a third time. The Defendant failed to report following his release and was arrested again in July of 2021.

At the probation violation hearing, the parties presented the following evidence: Ashley Watson, the Defendant's probation officer, testified that she was responsible for supervising the Defendant's probation. She stated that the Defendant had multiple probation violations for: a positive drug screen, failing to appear, failing to report, failing to provide his proper address, and not responding to her communication. He had also failed to pay the fees associated with probation and had failed to participate in an abuse intervention program as required. Ms. Watson stated that she had seen the Defendant only once during his period of supervision.

The Defendant testified that he had served a total sentence of five years for his aggravated assault and theft of property convictions. He stated that he worked in home improvement. He agreed that he had a prior probation violation for testing positive for methamphetamine and stated that he had been using methamphetamines for three years, approximately two grams per day. For his failed drug screen, the Defendant received a probation violation and a seventy-seven-day period in confinement. He was released on March 1, 2021, and went to live at New Opportunities Sober Living in an attempt to get clean from the drugs, working in construction during that time period. The Defendant agreed that he had failed to report to his probation officer because he relapsed. He stated that he had been using drugs intermittently since his arrest. The Defendant denied that he had ever received drug treatment and stated that he needed treatment and was "trying to clean [his] life up." He stated that he voluntarily admitted himself to the sober living facility and wanted a better life. He stated that the facility would accept him again if the trial court would return him to probation.

During cross-examination, the Defendant agreed that he had a history of theft and burglary charges in another state and had received probation in the past, which he had completed successfully.

2

After hearing the evidence, the trial court found:

> Upon this proof the Court finds that the Defendant has engaged in a material violation of the terms of his probation, based upon failing to keep his probation officer advised of his current residence so that they've been unable to do a home visit, despite numerous attempts to locate the offender, all to no avail, his whereabouts being unknown and he being an absconder at the time of issuance of the warrant.

> Also, he has failed to report since March 1, 2021. He's failed to pay his supervision fees and court costs. And he's failed to complete the Batterer's Intervention Program, because he's not made himself available to be referred. The Court also notes that he's had two priors and this is his third violation of probation.

> [The trial court] sincerely hope[s] that somewhere along the line you are able to get some drug treatment and some rehabilitation. But you are not a candidate to remain on probation when you do not report and do what you're supposed to do. And you've been given numerous opportunities, including the opportunity to seek treatment. And based upon all of these findings and taking into account your two priors and the fact that probation just does not appear to work for you, feel like the Court has no choice but to revoke your probation and order you to serve your sentence.

It is from this judgment the Defendant now appeals.

## II. Analysis

On appeal, the Defendant argues that the trial court abused its discretion when it revoked his probation and when it ordered him to serve the balance of his sentence in confinement. The State responds that the trial court acted within its discretion when, after determining that the Defendant had violated the terms of his probation, it revoked the probation sentence and ordered him to serve the remainder of his sentence in incarceration. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2018), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred.

3

T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding, including the consequences of the revocation, is entitled to a presumption of reasonableness unless there has been an abuse of discretion. *See State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). This is true "so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record. It is not necessary for the trial court's findings to be particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful review of the revocation decision." *See Dagnan*, at 759. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

The record in this case provided substantial evidence to support the trial court's revocation of probation. First, the Defendant admitted to the violations. The Defendant's admission to a violation has itself been held to be "substantial evidence" that the violation took place. *State v. Glendall D. Verner*, No. M2014-02339-CCA-R3-CD, 2016 WL 3192819, at *7 (Tenn. Crim. App., at Nashville, May 31, 2016), *perm. app. denied* (Tenn. Sept. 30, 2016) (citing *State v. Yvonne Burnette*, No. 03C01-9608-CR-00314, 1997 WL 414979, at *2 (Tenn. Crim. App., at Knoxville, July 25, 1997); *see State v. Zantuan A. Horton*, No. M2014-02541-CCA-R3-CD, 2015 WL 4536265, at *3 (Tenn. Crim. App., at Nashville, July 28, 2015), *no perm. app filed* (stating that a defendant who admitted violating the terms of his probation conceded an adequate basis for finding of a violation); *State v. Gordon Herman Braden, III*, No. M2014-01402-CCA-R3-CD, 2015 WL 2445994, at *2 (Tenn. Crim. App., at Nashville, May 22, 2015), *no perm. app filed*; *State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, 2004 WL 2008168, at *1 (Tenn. Crim. App., at Knoxville, Sept. 9, 2004), *no perm. app filed* ("Essentially, then, the defendant conceded an adequate basis for a finding that he had violated the terms of probation.").

After the trial court found that the Defendant had violated the terms of his probation, it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve his sentence in incarceration. The determination of the proper consequence of a probation violation embodies a separate exercise of discretion.

4

*Hunter*, 1 S.W.3d at 647; *see also Dagnan*, 641 S.W.3d at 759.  Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing."  *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

We conclude that the trial court did not abuse its discretion when it found that the Defendant had violated his probation.  The Defendant's probation sentence required that he report to his probation officer after release from jail, which he failed to do.  He also admitted that he continually used drugs while on probation and failed a drug screen in violation of the conditions of his probation sentence.  Therefore, the trial court did not abuse its discretion when it revoked the Defendant's probation based upon multiple violations.  Further, we conclude that the trial court did not abuse its discretion when it ordered the Defendant to serve the balance of his sentence in confinement, based on his history of failing to comply with terms of prior probationary sentences.  Therefore, the Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____

ROBERT W. WEDEMEYER, JUDGE